STATE OF NEW JERSEY, DEFENDANT IN ERROR. v. GEORGE W. COMSTOCK, IMPLEADED, ETC., PLAINTIFF IN ERROR.

Argued November 4, 1920 —Decided November 16, 1920.

1. The Supreme Court will not review by writ of error, either as at common law or under section 136 of the Criminal Procedure act, the action of the Quarter Sessions in refusing a new trial, whether on the evidence taken at the trial or for newly-discovered evidence.
2. Objection to the materiality of evidence at the trial cannot be urged in error when the objection at the trial was merely to the probative force of such evidence.

3. Under section 136 of the Criminal Procedure act a review is confined to rulings of the trial court, which necessarily imply some objection or request by counsel.

4. Under section 136 of the Criminal Procedure act causes for reversal must be specified with sufficient precision to apprise the court and opposing counsel of the injury complained of. Specification of the alleged effect of language said to be contained in the court's charge, without quotation or other identification of such language. is not a compliance with this rule.

On error to the Essex County Court of Quarter Sessions.

Before Justices SWAYZE, PARKER and BLACK.

For the plaintiff in error, *Merritt Lane.*

For the state, *John A. Bernhard,* assistant prosecutor of the pleas (*J. Henry Harrison,* prosecutor, on the brief).

The opinion of the court was delivered by

PARKER, J. The case as argued before us exhibits principally an effort to review by writ of error and reverse the action of the trial court in refusing to award a new trial to the defendant, Comstock, on the ground of newly-discovered evidence. Comstock and three others, named Harris, Baird and Green, were jointly indicted for conspiracy to defraud a fire insurance company by a false claim of fire loss under one of its policies. Harris and Green pleaded *non vult;* Baird and Comstock stood trial, each having his own counsel. and were both convicted. The date of conviction was about the end of October, 1918. In January, 1919, a motion for new trial on behalf of both was made, on the ground of newly-discovered evidence; testimony was taken, and the court having taken time to consider the matter, in May, 1919, denied the motion, whereupon Baird went to jail to serve his term. The court was asked to seal an exception to this refusal, and declined to do so. This denial of an exception. and a similar denial about a year later, are the subjects of an application for a *mandamus* to the court to seal the exceptions,

and are dealt with elsewhere. After the first refusal, sentence was imposed, but later opened to permit an application for a *certiorari* of the record and proceedings to this court. Such application was made to the Chief Justice in October, 1919, and denied by him; and an application to the court in banc at November term, 1919, met the same fate. The Chief Justice in denying an *allocatur* took the ground that, conceding for the nonce the power of the Supreme Court to bring the cause before it by *certiorari* at any stage (see *State* v. *Hummer*, 73 N. J. L. 714, 720, 721), the application was avowedly made to obtain a review of the discretionary action of the Sessions in refusing a new trial, and that such action, under well-settled rules, was not reviewable either by *certiorari* or writ of error. *Allocatur* having been twice refused, defendant made another motion for new trial in the Sessions, and that being also denied, has removed the case here by writ of error. Inasmuch as the action of the trial court in denying a new trial is not reviewable under section 136 of the Criminal Procedure act (*State* v. *Van Stavern*, 67 *Id.* 235; *State* v. *Kysilka*, 84 *Id.* 6), and the trial court refused to seal exceptions, plaintiff in error prays a *mandamus* to have them sealed, as already stated.

The real question—if it may be fairly called a question—is whether this court as a court of review in matters of law, acting in the exercise of its common law powers, will review the action of the trial court in dealing with a motion for a new trial on the ground of newly-discovered evidence. We have no hesitation in answering it in the negative. That the action of the trial court in such case is discretionary is elementary law. *Hoban* v. *Sandford & Stillman Co.*, 64 N. J. L. 126. It is also an accepted general rule that the discretionary action of a criminal court will not be reviewed on strict writ of error. *State* v. *Riggs*, 92 *Id.* 575, 576, and cases cited. In *Kohl* v. *State*, 36 *Atl. Rep.* 104, not officially reported (a temporary phase of the case in 59 N. J. L. 445), the Court of Errors and Appeals, in holding that affidavits used before the trial court on a motion for new trial could not be used under

section 136 of the Criminal Procedure act, remarked that "the right of the court below to *decide finally* the motion for new trial is not affected by this statute." We conclude that neither under section 136 nor at common law is there a review of the action of a court of general criminal jurisdiction in dealing with a motion for new trial, whether on weight of evidence or on newly-discovered evidence.

This brings us to the alleged trial errors. The first urged is that the testimony of Officer Stadlman as to the uninjured condition of certain furniture on the premises some months after the date of the alleged fire, coupled with that of Harris, should have been excluded as immaterial. Whatever its probative force, it was not immaterial; for it could be considered as tending to show that no fire had taken place. It is claimed that the court commented on it as corroborative of Harris' main testimony of the conspiracy, and that as the Stadlman testimony was necessarily linked to that of Harris, it was not corroborative. The answer is that the court made no such comment, but merely said the officer "described the closet and indicated its dimensions." The comment preceding and following this remark refers entirely to testimony of Baird, as a reading of the charge will show.

The next point is that the record of the fire department should not have been used as a basis of the testimony of witness Bender. But the only objection made applied simply to the probative force of the evidence, as was pointed out by the court at the time. This was no legal objection; and even under section 136, where there is no objection or request by counsel, there is no ruling for review. *State* v. *Hummer*, 73 *N. J. L.* 714; 81 *Id.* 430; *State* v. *Warady*, 78 *Id.* 687; *State* v. *Sweet*, 81 *Id.* 250; *State* v. *Murphy*, 87 *Id.* 515.

The next ruling complained of is that the court, on re-examination of the witness Green, permitted an answer to the state's question as to why he sent Comstock a certain check for $100. This is now challenged on the ground that the answer tended to show Comstock's guilt of another crime. Perhaps it did; but the state's question was plainly justified

by the prior cross-examination of the witness. He testified in chief, and without any objection, that he sent the check, and where he was when he drew it. On cross-examination he was asked, at least three times, whether he had not sent the check for a particular reason, and not as a gift, whether he was on good terms with Comstock, &c., counsel carefully avoiding any question as to what the reason was and turning the witness back to the state with his testimony shrouded in mystery as to the check. This was none of the state's doing; the original examination being merely to show where Green was at a certain time; and, manifestly, the state was entitled to clear up the mystery created by the defence. The question was properly allowed; if the answer incidentally bore illegally on the defendant, the course for his counsel to adopt was to request an instruction limiting its effect, as in many similar cases.

The court charged, largely in the form requested by defendant, that the jury might lawfully convict on the uncorroborated testimony of an accomplice, but that such testimony should be considered with great caution, and later added: "Whether there has been corroboration sufficient to satisfy you is, of course, for you to say." This is now attacked as erroneous, in assuming a condition of the evidence which did not exist. It was not erroneous if there was any legally corroborative evidence in the case. Counsel claims there was not. The claim rests, in part, on the alleged elimination on the motion for new trial of the theory, apparently theretofore justified on the evidence, that Comstock had taken part in sending on the proof of loss before the company had instructed him to attend to the matter. But, naturally, if, at the time of delivering the charge the state of the evidence justified such comment, it was not erroneous. Furthermore, we think there was evidence which the jury could consider corroborative, apart from the circumstance just alluded to; and that some of it will be found in defendant's own testimony on cross-examination. Baird had the run of his office; and Baird testified that some months after the payment of the

loss Comstock became aware that the insured had taken his policy under a false name, but, apparently, said nothing about it to his company. Comstock said in his letters that the assured had called several times for his draft, but denied in his testimony that Harris had called. There was a dispute whether Green was the man that called and evidence to show that Green was in Ohio. Defendant certified in writing to his company the high character and good standing of assured, and dealt with facts as in his personal knowledge, but on the trial said he got his facts from Baird. We need not pursue the matter further, especially as the assignments of error and specifications for reversal do not legally raise the point. Counsel relies on the ninth specification; the ninth assignment and the tenth specification (which are identical) ; the tenth assignment and eleventh specification (also identical, and merely charging general error) and the twenty-first specification. An examination of these shows that not one of them exhibits the sentence quoted, or, indeed, any specific language of the charge, as erroneous, but so far as they specify anything they seem to challenge inferences to be drawn from language not quoted or properly identified. This is not a compliance with the rule that the causes for reversal must be specified with sufficient precision to apprise the court and opposing counsel of the injury complained of. *State* v. *Herron*, 77 *N. J. L.* 523; *State* v. *McCormack*, 93 *Id.* 287.

The judgment will be affirmed.

It follows that the application for *mandamus* to seal the exceptions will be denied; and, as the outbranches sought to be brought up by the application for *certiorari* were printed with the case on error and could in no way affect the result in that case, *allocatur* of the *certiorari* is denied also.